IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DAVID EADS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-047 |
| | ) | |
| DR. DAVE CHENEY and STANLEY HOLDEN, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Telfair State Prison in Helena, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  **SCREENING THE COMPLAINT**

   A.  **BACKGROUND**

Plaintiff names as Defendants: (1) Doctor Dave Cheney and (2) Stanley Holden. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff was diagnosed with Parkinson's disease approximately four years ago. (Id. at 7.) Because of his diagnosis, Plaintiff has been assigned to the maintenance detail only to sweep and clean. (Id. at 7-8, 13.) Plaintiff's Parkinson's disease was well-known and

documented in his inmate file. (Id. at 13.) On November 3, 2021, around 8:00 a.m., Plaintiff was working in maintenance under the supervision of Defendant Holden, who was aware of Plaintiff's Parkinson's diagnosis. (Id. at 5.) That day, Defendant Holden instructed Plaintiff to climb a twelve-foot ladder and install lights. (Id. at 5, 8.) Inmate Charles Wofford tried to steady the ladder from the ground as Plaintiff worked to install the lights. (Id. at 5.) Defendant Holden then left the area while they worked. (Id.) A few moments later, the ladder gave way and collapsed—likely due to the ladder being faulty and Plaintiff's shaking—which caused Plaintiff to drop twelve feet onto the ground and land on his left hip. (Id. at 5, 7, 13.) Defendant Holden came back to the area after hearing Plaintiff and Wofford's cries for help. (Id. at 7, 13.) Plaintiff could not get off the ground and was transported to medical by golf cart. (Id. at 7, 13-14.)

Upon arrival at medical, Defendant Cheney repeatedly told Plaintiff to "get up" and "start walking" because Defendant was "faking it." (Id. at 8, 14.) For the next seven hours, Defendant Cheney repeatedly instructed Plaintiff to stop "faking it" and refused to provide Plaintiff with any pain medication or other medical assistance, even after Plaintiff told Defendant Cheney he was "numb on the lower half of his body" and could not move. (Id. at 7-8, 14-16.) Defendant Cheney even instructed Nurse Foskey to give Plaintiff a pair of crutches so Plaintiff could "walk back to his dormitory." (Id. at 8.)

At approximately 3:30 p.m., seven hours after his fall, Defendant Cheney finally sent Plaintiff to the Dodge County Hospital. (Id. at 14-15.) While at the hospital, Dr. Rosenbaum informed Plaintiff he had an "irregular hip fracture" that would require hip replacement surgery. (Id. at 9, 15.) Plaintiff had the surgery several days later. (Id.) For relief, Plaintiff requests compensatory and punitive damages. (Id. at 18.)

B.   DISCUSSION

1.   Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding

3

them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

        **2.**     **Official Capacity Monetary Damages**

Plaintiff is suing each Defendant in their individual and official capacities. (Doc. no. 1, p. 12.) However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against all Defendants for monetary relief fail as a matter of law and should be dismissed.

**II.    CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** all official capacity claims for monetary damages be **DISMISSED**. By separate Order, the Court directs service of process on Defendants for the remaining deliberate indifference claims.

SO REPORTED and RECOMMENDED this 10th day of October, 2023, at Augusta, Georgia.

                                            */s/ Brian K. Epps*
                                            BRIAN K. EPPS
                                            UNITED STATES MAGISTRATE JUDGE
                                            SOUTHERN DISTRICT OF GEORGIA