IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DAVID EADS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-047 |
| | ) | |
| DR. DAVE CHENEY and STANLEY HOLDREN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Defendant Holdren moves to stay discovery pending resolution of his pre-answer motion to dismiss. (Doc. nos. 31, 34.) Plaintiff has not responded to the motion, and it is therefore deemed unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **GRANTS** Defendant Holdren's request. (Doc. no. 34.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at Defendant Holdren's motion, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, the motion requests dismissal of all claims against Defendant Holdren based on Plaintiff's alleged failure to exhaust administrative remedies prior to filing this case. (See doc. no. 31.) When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motion to dismiss. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (per curiam) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs . . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

Thus, the Court **STAYS** discovery as to all parties pending resolution of Defendant Holdren's motion to dismiss. After resolution of Defendant Holdren's motion, the Court will reset case deadlines, as necessary.

SO ORDERED this 30th day of January, 2024, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA