IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DAVID EADS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-047 |
| | ) | |
| DR. DAVE CHENEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Telfair State Prison in Helena, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Dr. Cheney's motion for summary judgment be **GRANTED**. (Doc. no. 43.) Furthermore, because United States District Judge Dudley H. Bowen, Jr., previously granted the motion to dismiss by Mr. Holdren, (see doc. no. 40), the Court also **REPORTS** and **RECOMMENDS** the Clerk enter an appropriate judgment in favor of both Dr. Cheney and Mr. Holdren, and this civil action should be **CLOSED**.

I.     PROCEDURAL BACKGROUND

Plaintiff initially named Defendants Dr. Dave Cheney and Maintenance Supervisor Stanley Holdren, and because he is proceeding IFP, the Court screened the complaint. (See doc. nos. 1, 13-15, 20.) On November 8, 2023, Judge Bowen dismissed all official capacity claims for monetary damages against these two Defendants. (Doc. no. 20.) The Court allowed Plaintiff's Eighth Amendment medical deliberate indifference claims against Defendants to

proceed. (Id.) Dr. Cheney answered the Complaint on January 12, 2024, and the Clerk issued a Scheduling Notice setting deadlines. (Doc. nos. 32-33.) However, case deadlines were stayed pending resolution of Mr. Holdren's motion to dismiss, filed on January 11, 2024. (Doc. nos. 31, 34-36.) On March 4, 2024, Judge Bowen granted Mr. Holdren's motion to dismiss, (doc. no. 40), lifted the stay, and the Clerk issued a revised scheduling notice, (doc. no. 41).

The case proceeded through the standard discovery period. On August 5, 2024, Dr. Cheney timely filed a motion for summary judgment, including a Statement of Material Facts ("SMF") in accordance with Local Rule 56.1. (Doc. no. 43.) The Clerk issued a notice concerning the summary judgment motion and the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of failing to comply with the requirements for responding. (See doc. nos. 43-44.)[1] Plaintiff filed a two-sentence response to Dr. Cheney's summary judgment motion on August 16, 2024, which did not properly respond to Dr. Cheney's SMF.[2] (Doc. no. 45); see also Fed. R. Civ. Pro. 56(c). Accordingly, the Court again explained the rights and requirements associated with responding and extended Plaintiff's time to respond to Defendants' motion. (Doc. no. 46.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are satisfied. On September 19, 2024, Plaintiff filed a second response in opposition to Dr. Cheney's motion, which contained an unsworn statement of material facts, (doc. no. 47, pp. 1-

---

[1] The Court also explained summary judgment motions, along with the rights and requirements associated with responding, in its October 10, 2023 Order directing service on Dr. Cheney. (Doc. no. 15.)

[2] Plaintiff's response stated in full, "I David Eads have sent facts to show that there is a claim medical evidence for the court. Statement of Material Facts sets forth facts supported by evidence." (Doc. no. 45.) No supporting evidence or Statement of Material Facts was enclosed. (See generally id.)

5), a legal brief in support of his claim, (id. at 5-7), and two pages of medical records as exhibits, (doc. no. 47-1).

Although Plaintiff filed two responses in opposition to Dr. Cheney's summary judgment motion, neither of his responses properly respond to each fact in Dr. Cheney's SMF and instead consist of conclusory allegations, most of which are inadmissible evidence for purposes of opposing the motion for summary judgment.  See Rowell v. BellSouth Corp., 433 F.3d 794, 800 (11th Cir. 2005) (requiring consideration of only admissible evidence when ruling on motions for summary judgment); see also Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995) (finding summary judgment appropriate where inmate produced nothing beyond "his own conclusory allegations" challenging actions of defendant); Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984) ("[M]ere verification of party's own conclusory allegations is not sufficient to oppose summary judgment.").  Regardless, the Court will consider, where appropriate, Plaintiff's responses.

The Court deems admitted all portions of Dr. Cheney's statement having evidentiary support in, and not otherwise contradicted by, the record and which are not properly opposed by Plaintiff.  See Fed. R. Civ. P. 56 (requiring citations to particular parts of materials in record, and affidavits or declarations used to oppose summary judgment motion made on personal knowledge, set out facts admissible in evidence, and show competency to testify); see Scoggins v. Arrow Trucking Co., 92 F.Supp.2d 1372, 1373 n.1 (S.D. Ga. 2000); see also Williams v. Slack, 438 F. App'x 848, 849-50 (11th Cir. 2011) (*per curiam*) (finding no error in deeming defendants' statements of material fact admitted where *pro se* prisoner failed to respond with specific citations to evidence and otherwise failed to state valid objection to statement).

3

Regardless, this does not automatically entitle Dr. Cheney to summary judgment because as the movant, he continues to "shoulder the initial burden of production in demonstrating the absence of any genuine issue of material fact." Reese v. Herbert, 527 F.3d 1253, 1268 (11th Cir. 2008); see also Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009). Thus, the Court will review the record, including any factually supported opposition to the SMF, "to determine if there is, indeed, no genuine issue of material fact." Mann, 588 F.3d at 1303.

## II.  FACTUAL BACKGROUND

At approximately 8:00 A.M. on November 3, 2021, Plaintiff fell from a ladder while installing a light during a maintenance detail shift. (Doc. no. 1, p. 5; SMF ¶ 1.) Plaintiff was taken to the prison infirmary where he was seen by Dr. Cheney at approximately 8:24 A.M. (SMF ¶ 2; doc. no. 43, Ex. 1, p. 1.) Dr. Cheney checked his vitals and conducted a physical examination, noted Plaintiff had discomfort in his left shoulder and was experiencing hip and knee pain, and diagnosed Plaintiff with a hip contusion. (SMF ¶¶ 2-4; doc. no. 43, Ex. 1, p. 1.) Shortly thereafter around 9:45 A.M., Dr. Cheney re-assessed Plaintiff, noted his inability to bear weight, and ordered a wheelchair for Plaintiff's use. (SMF ¶ 5; doc. no. 43, Ex. 1, p. 1.) Around 3:30 P.M., Dr. Cheney again checked on Plaintiff when he reported more pain and feeling lightheaded, leading Dr. Cheney to send Plaintiff to Dodge County Hospital. (Id. ¶¶ 6-7; doc. no. 1, pp. 14-15.) After arriving at the hospital, radiology diagnostics revealed Plaintiff had a left hip fracture, and Plaintiff was scheduled for surgery two days later with Dr. Rosenbaum. (SMF ¶¶ 7-10; doc. no. 1, p. 15; doc. no. 42, pp. 3, 12.) Plaintiff received surgery on November 5, 2021, and was released from the hospital on November 9, 2021. (SMF ¶¶ 10-11; doc. no. 43, Ex. 1, pp. 13-22.)

### III.   DISCUSSION

#### A.   Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).

If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-08 (11th Cir. 1991) (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970), and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)).

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Id. at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Federal Rule Civil Procedure 56. "The evidence of the

5

non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (quoting Adickes, 398 U.S. at 158-59). A genuine dispute as to a material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

    **B.**    **Medical Deliberate Indifference Framework**

To prevail on a claim for deliberate indifference to a serious medical need, Plaintiff must prove that: (1) he had a serious medical need –the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (explaining that in addition to objective and subjective components of Eighth Amendment claim, a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim). In particular, the plaintiff must first demonstrate he suffered a "objectively, sufficiently serious" deprivation. Wade v. McDade, 106 F.4th 1251, 1262 (11th Cir. 2024) (*en banc*) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To satisfy the objective component regarding a serious medical need, a prisoner must demonstrate that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)).

After this initial threshold question, the plaintiff must also demonstrate a defendant acted with "subjective recklessness as used in the criminal law" by showing a defendant was "actually, subjectively aware his own conduct caused a substantial risk of serious harm to the plaintiff," but even if he knew of that substantial risk, he is not liable under the Eighth Amendment "if he

6

responded reasonably to the risk." Wade, 106 F.4th at 1262 (citing Farmer, 511 U.S. at 839, 844-45). Mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999); Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); see also Palazon v. Sec'y for Dep't of Corr., 361 F. App'x 88, 89 (11th Cir. 2010) (*per curiam*) (requiring more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law" to establish deliberate indifference claim). In addition, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner be "perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510 (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)).

In addition, a plaintiff alleging liability for deliberate indifference based on a delay in medical treatment "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." Hill, 40 F.3d at 1188, *abrogated in part on other grounds by* Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002); see also Farrow, 320 F.3d at 1244 n.12 ("In Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L.Ed.2d 666 (2002), the Supreme Court criticized part of the qualified immunity analysis in Hill, but not Hill's analysis of what constitutes a serious medical need of prisoners.").

    **C.**    **Plaintiff's Claim Fails Because No Reasonable Juror Could Find Dr. Cheney Acted with Subjective Recklessness or Caused Plaintiff Any Injury**

Given Plaintiff suffered a left hip fracture, Plaintiff had a serious medical need and thus satisfies the objective component of a medical deliberate indifference claim. See Fields v.

Corizon Health, Inc., 490 F. App'x 174, 183 (11th Cir. 2012) (*per curiam*) ("We have recognized that injuries like fractured hips . . . constitute 'serious medical needs.'" (citation omitted)). However, Plaintiff's claim fails because he has neither demonstrated that Dr. Cheney acted with deliberate indifference to his medical need, nor that Dr. Cheney's actions caused Plaintiff's injury.

As to the subjective component, Plaintiff does not show Dr. Cheney was actually aware his conduct in examining Plaintiff and not sending him to the hospital sooner posed a substantial risk of a serious harm to Plaintiff's health. See Wade, 106 F.4th at 1262; Hill, 40 F.3d at 1188. The undisputed facts proffered by Dr. Cheney demonstrate he diagnosed Plaintiff with a hip contusion. (SMF ¶¶ 2-7.) Though this diagnosis was ultimately incorrect, this misdiagnosis does not rise to the level of subjective recklessness required to establish a deliberate indifference claim. After all, negligence and even medical malpractice are insufficient to establish medical deliberate indifference. See Palazon, 361 F. App'x at 89; see also Simpson v. Holder, 200 F. App'x 836, 839 (11th Cir. 2006) (*per curiam*) (explaining "[t]he facts alleged must do more than contend medical malpractice, misdiagnosis, accidents, and poor exercise of medical judgment" (citing Estelle v. Gamble, 429 U.S. 97, 104-07 (1976))).

Here, a review of the record provides no indication Dr. Cheney was actually aware his treatment of Plaintiff created a substantial risk of serious harm to Plaintiff. Dr. Cheney's notes from his initial physical examination of Plaintiff at 8:24 A.M., shortly after Plaintiff fell from the ladder, document Plaintiff experiencing "mild discomfort [on] [his] l[eft] shoulder" and mild pain with hip flexion, knee flexion, and lower limb rotation. (Doc. no. 43, Ex. 1, p. 1; SMF ¶¶ 3-4.) Based on this assessment, Dr. Cheney diagnosed Plaintiff with a hip contusion.

8

(SMF ¶ 4; doc. no. 43, Ex. 1, p. 1.) At Plaintiff's subsequent exam at 9:45 A.M. that same morning, Dr. Cheney recorded Plaintiff's "persistent inability" to bear weight without "significant pain," but re-affirmed his conclusion Plaintiff did not have a fracture. (SMF ¶ 5; doc. no. 43, Ex. 1, p. 1.) Additionally, given Plaintiff's difficulty bearing his own weight, Dr. Cheney ordered a wheelchair for Plaintiff's use. (Id.) Thereafter, upon his third assessment of Plaintiff later that afternoon, Dr. Cheney observed Plaintiff was lightheaded and experiencing an increase in pain, and accordingly ordered Plaintiff be taken to the emergency room. (SMF ¶ 6; doc. no. 43, Ex. 1, p. 1.)

Thus, at most, Dr. Cheney's conduct constitutes negligence or malpractice. His notes provide support for his medical conclusion that Plaintiff had a hip contusion. (See doc. no. 43, Ex. 1, p. 1.) Notably, nowhere in his notes or elsewhere in the record is there any indication Dr. Cheney believed Plaintiff actually suffered from a hip fracture or another serious condition but nonetheless declined to provide Plaintiff with adequate care despite this belief. (See generally doc. nos. 43-1, 43-2, 47.) Rather, upon evaluating Plaintiff a third time and finding his condition had worsened, Dr. Cheney sent Plaintiff to receive outside medical care. (SMF ¶ 6; doc. no. 43, Ex. 1, p. 1.)

Even if the Court assumes Dr. Cheney was aware his conduct posed a substantial risk of serious harm to Plaintiff, Plaintiff still fails to establish deliberate indifference because Dr. Cheney "responded reasonably" to this risk under the circumstances. Wade, 106 F.4th at 1262 (citing Farmer, 511 U.S. at 839, 844-45). Dr. Cheney first noted Plaintiff experienced only mild pain and some motor issues, leading Dr. Cheney to diagnose Plaintiff with a hip contusion, a less serious condition than a fracture. (SMF ¶ 4; doc. no. 43, Ex. 1, p. 1.) But after Plaintiff experienced an increase in pain in the hours following his initial medical evaluation, Dr. Cheney sent Plaintiff

to receive outside medical care. (SMF ¶¶ 5-7; doc. no. 43, Ex. 1, p. 1.) This progression illustrates Dr. Cheney continuously assessed Plaintiff's condition and made medical decisions consistent with Plaintiff's symptoms, which was a reasonable course of action in light of the developments surrounding Plaintiff's health. This is the essence of caring for a patient, and no reasonable juror could find deliberate indifference.

Accordingly, Dr. Cheney's misdiagnosis, reflective of his medical judgment, falls short of establishing the "subjective recklessness as used in criminal law" required to prove the subjective component of deliberate indifference to a medical need. See Wade, 106 F.4th at 1262; Estelle, 429 U.S. at 105-06.

Moreover, even if the Court assumes the subjective component of a medical deliberate indifference claim is met, Plaintiff's claim fails because he has not provided any evidence that Dr. Cheney's conduct injured Plaintiff. Plaintiff alleges liability for deliberate indifference based on a seven-hour delay in receiving medical treatment following his fall from the ladder but has failed to "place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment." See Hill, 40 F.3d at 1188. Stated otherwise, Plaintiff's claim fails because he does not offer any evidence he was injured by Defendant's acts or omissions with respect to any delay in receiving medical treatment following his fall. See Cannon v. Corizon Med. Servs., 795 F. App'x 692, 698 (11th Cir. 2019) (*per curiam*).

Indeed, there is no suggestion in the record the seven-hour delay between Plaintiff's fall and emergency room visit worsened Plaintiff's hip fracture. Although Dr. Cheney's notes indicate Plaintiff experienced an increase in pain in the hours he remained at Telfair State Prison following his fall, (see doc. no. 43, Ex. 1, p. 1), Plaintiff has not shown how Dr. Cheney's care caused this pain or otherwise worsened his hip fracture. See Harris v. Prison

10

Health Servs., 706 F. App'x 945, 953 (2017) (*per curiam*) (reasoning plaintiff's "hematoma and head pain here were caused by [plaintiff's] fall, not by [defendant's]" four-day delay in obtaining x-rays for plaintiff); Hinson v. Bias, 927 F.3d 1103, 1123 (11th Cir. 2019) (concluding plaintiff did not establish causation for his medical deliberate indifference claim because plaintiff did not "present any medical evidence suggesting a link between the delay of treatment for any injuries he experienced during his arrest, on the one hand, and his ear-related problems, on the other"); see also Grissom v. Corizon, LLC, No. 2:19-CV-420, 2022 WL 4290748, at *11 (M.D. Ala. Sept. 16, 2022) ("While [Plaintiff's] evidence from her own testimony does paint a concerning picture about her condition and pain over the weekend, this evidence alone is insufficient to establish causation.").

Moreover, Dodge County Hospital records reveal Plaintiff was not scheduled for surgery until November 5, 2021, two days after he fell from the ladder. (Doc. no. 43, Ex. 1, pp. 10-11.) Rather, hospital records show Plaintiff received an orthopedic consult and laboratory testing prior to his surgery. (Id. at 2-9.) This timeline undercuts the purported urgency of Plaintiff's injury and belies any finding that Dr. Cheney's failure to send Plaintiff to the hospital sooner exacerbated Plaintiff's hip fracture.

Ultimately, Plaintiff provides no medical evidence to establish his condition deteriorated as a result of the delay, as he must do to establish a dispute of material fact.[3] See

---

[3] Plaintiff attached two excerpts from his Dodge County Hospital records to his second response in opposition to Dr. Cheney's motion for summary judgment. (Doc. no. 47, pp. 10-11.) However, neither page of medical evidence establishes Dr. Cheney's failure to send Plaintiff to the hospital sooner exacerbated Plaintiff's conditions. (See id.) The first page contains information about Plaintiff's health history and physical condition, (id. at 10), while the second page describes notes from the surgery, (id. at 11). Dr. Cheney also included both of these pages as exhibits to his motion for summary judgment. (Doc. no. 43, Ex. 1 pp. 2, 11.)

Hill, 40 F.3d at 1188; see also Grisson, 2022 WL 4290748, at *11 (explaining Plaintiff did not establish a medical deliberate indifference claim because she "failed to present medical documentation, expert medical testimony, or other objective medical evidence establishing that the day and a half delay in sending her to the hospital caused her intestines to undergo necrosis, as opposed to some other reason"). Accordingly, the undisputed facts provide no basis for a reasonable juror to find Plaintiff suffered any exacerbation or further injury from Dr. Chaney's actions in delaying Plaintiff's medical care for his hip fracture.

In sum, based on the undisputed facts, Dr. Cheney is entitled to summary judgment on Plaintiff's claim because Plaintiff fails to establish the subjective and causation elements of a medical deliberate indifference claim.

IV.   **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Dr. Cheney's motion for summary judgment be **GRANTED**. (Doc. no. 43.) Furthermore, because United States District Judge Dudley H. Bowen, Jr., previously granted the motion to dismiss by Mr. Holdren, (see doc. no. 40), the Court also **REPORTS** and **RECOMMENDS** the Clerk enter an appropriate judgment in favor of both Dr. Cheney and Mr. Holdren, and this civil action should be **CLOSED**.

SO REPORTED AND RECOMMENDED this 12th day of February, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA